*38 OPINION.
Littleton:
The taxpayer is not entitled to a deduction for amortization in the absence of proof that it actually made an investment in the property in respect to which the deduction is claimed.
The Act of 1918-, section 234 (a) (8), provides in part:
There shall be allowed a reasonable deduction for the amortization of such ■part of the cost of such facilities * * * as has been borne by the taxpayer, * * *. [Italics ours.]
It does not appear that the taxpayer either made an investment or bore any cost of the facilities used. It would seem that the William Greilich & Sons Co. used its funds (whether capital or income we do not know) for the purpose of making a distribution to certain members of the Greilich family, stockholders of that corporation, in the form of real estate purchased and improved. In the absence of evidence to the contrary, the improvements made would accrue to the owners of the property. The taxpayer received the use of the property and carried the cost as a loan to it upon its books. The William Greilich & Sons Co. called it a loan upon its books, thereby maintaining its invested capital and distributing its funds without the entry of the same as such upon its books.
Upon the dissolution of the taxpayer in 1919 the book entries between the two corporations were canceled, but William Greilich & Sons Co. received nothing by such action. The title to the real estate after, as well as before, was in the individual names of the two members of the Greilich family, and any deduction for exhaustion, wear and tear, or amortization in respect of the property accrued at no time to either corporation. The Commissioner therefore erred in allowing the taxpayer a deduction of $995.53 for exhaustion, wear and tear in respect of this property.
We are, in effect, requested to accept proof of an investment by the taxpayer upon its mere statement that it claimed a deduction on its books as to property which it admittedly did not own. In the absence of evidence to the contrary, we recognize the separate entity of each company. So viewing the matter under the evidence, it does not appear that a loan was in fact made by William Greilich & Sons Co. to the taxpayer in 1917 and 1918, nor that a loan was in fact paid by the taxpayer in 1919. The taxpayer merely used funds of William Greilich & Sons Co., as the latter directed, for the benefit of certain individual stockholders of William Greilich & Sons .Co. Such investment as was made accrued to these individuals. Therefore, any claim for either depreciation or amortization by the taxpayer is without basis in fact or in law.